UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| NATHANIEL JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 09-CV-2296 |
| ) | |
| NEDRA CHANDLER, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

On December 9, 2009, Petitioner, Nathaniel Jackson, filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (#1).  On February 9, 2010, Respondent, Nedra Chandler, Warden of Dixon Correctional Center, filed her Motion to Dismiss Without Prejudice Petition hfor Writ of Habeas Corpus (#25).  Petitioner filed his Response (#32) on March 11, 2010.  For the following reasons, Petitioner's Petition (#1) is DISMISSED without prejudice.

Petitioner is serving a sentence for burglary in the Illinois Department of Corrections.  In his Petition (#1), Petitioner alleges that he is being abused by prison guards at the Dixon Correctional Center in Dixon, Illinois.  He alleges numerous sexual assaults by the guards and also alleges that local, state, and federal law enforcement have failed to investigate his claims. He also claims that his state sentencing judge never told him he would be subject to sexual assaults as part of his sentence.

In Respondent's Motion to Dismiss, Respondent notes that Petitioner was found guilty following a jury trial in 2002.  His direct appeal was affirmed by the Fourth District Appellate Court in 2004 and his Petition for Leave to Appeal (PLA) was denied by the Illinois Supreme

Court that same year. He filed a 2003 post-conviction petition, which was also denied by the state circuit court. The Illinois Appellate Court affirmed the denial and the Illinois Supreme Court denied the PLA in 2006. Then, on October 30, 2006, Petitioner filed a civil rights lawsuit in the United States District Court for the Northern District of Illinois (Case No. 06-C-5883), seeking to bring criminal charges against correctional officials at Dixon Correctional Center who were allegedly sexually assaulting him and engaging in non-consensual medical experiments on him. On January 29, 2007, District Court Judge Charles P. Kocoras found the Petitioner's claims frivolous and dismissed the suit for failure to state a claim on which relief could be granted. He also imposed a strike against Petitioner under 28 U.S.C. § 1915(g). Petitioner then filed a similar civil rights lawsuit on August 30, 2007, this time in the United States District Court for the Southern District of Illinois. On July 25, 2008, District Court Chief Judge David R. Herndon dismissed Petitioner's lawsuit with prejudice and imposed another strike under 28 U.S.C. § 1915(g).

Respondent argues that this present case is a rehash of Petitioner's two prior civil rights complaints that have been dismissed in the Northern and Southern Districts and that Petitioner's claim, although filed here as a habeas petition, is more properly categorized as a 42 U.S.C. § 1983 civil rights claim. Respondent asks the court to either dismiss Petitioner's claim without prejudice so that Petitioner can, if he chooses, re-file his present action as a civil rights suit, or to convert the suit to one under § 1983 if Petitioner declines to dismiss voluntarily. In his Response, Petitioner claims that the suit is not properly characterized as a § 1983 action because he is seeking to file criminal charges against the law enforcement officials, not civil charges.

After reading the briefs submitted by the parties, the court concludes that Respondent is

correct. The allegations made by Petitioner have no place in a § 2254 habeas proceeding and are more properly brought as, if anything, a § 1983 civil rights claim. "District courts faced with a § 1983 suit brought under § 2254 should, rather than reach the merits, dismiss without prejudice to the possibility of a future § 1983 action or at least give notice that the suit will be converted to one under § 1983 if the plaintiff declines to dismiss voluntarily." Hadley v. Holmes, 341 F.3d 661, 665 (7th Cir. 2003). Therefore, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (#1) is DISMISSED without prejudice so that Petitioner can, if he chooses, re-file his present action as a civil rights suit.

IT IS THEREFORE ORDERED:

(1) Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (#1) is DISMISSED without prejudice so that Petitioner can, if he chooses, re-file his present action as a civil rights suit.

(2) Petitioner's pending Emergency Motion for Order to Transfer Pro Se Petitioner Out of Dixon (#20), Motion to Grant Relief in Emergency Motion (#31), and Motion for Hearing (#37) are MOOT.

(3) This case is terminated.

ENTERED this 14th day of April, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE